**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Minh NGUYEN, Defendant–Appellant.**

**No. 99–4094.**

United States Court of Appeals,
Sixth Circuit.

March 21, 2001.

Before WELLFORD, SUHRHEINRICH, and BATCHELDER; Circuit Judges.

PER CURIAM.

Defendant Minh Nguyen appeals the judgment of conviction and sentence entered on his conditional guilty plea to one count of money laundering under 18 U.S.C. § 1956(a)(1)(B)(i). Defendant claims that the district court erred when it denied his motion to suppress evidence.

Defendant was an out-of-state driver of a rental vehicle who was stopped for speeding and was unable to produce positive identification or a driver's license. Although a check of the name Defendant provided to the police officers revealed that a person with that name had a valid license and clean record, there was nothing to indicate Defendant was who he purported to be. Moreover, the officers had reasonable suspicion of additional criminal activity, providing further reason to detain and question Defendant, because he gave them a name similar to names in a bulletin about an alleged bank fraud. He also provided a social security number that was similar to the bank fraud suspect's social security number. A consensual search of the vehicle revealed a wallet containing deposit slips in another person's name issued by the same bank that had issued the bank fraud bulletin. Defendant then agreed to return to his hotel room with the police officers, where he had indicated that he left his license, in order to produce it for them. He also agreed at that time to let the officers search his room. After arriving at the hotel, Defendant again consented to a search of his room and the garment bag from which he retrieved his license. As one police officer contacted dispatch about the license, the others searched the room and discovered a large amount of cash and checks made out to payees other than Defendant.

Defendant argues that police officers exceeded the purpose of the original traffic stop without the reasonable suspicion necessary to justify further detention. He asserts this unconstitutional search took place either during the initial traffic stop at the moment the officer confirmed he had a valid license, or at his hotel room once he provided his license but before the search began. He argues that his subsequent consent did not save the unconstitutional searches of his vehicle or his hotel room.

After reviewing the briefs and hearing oral argument, we AFFIRM for the reasons stated by the court below. *See United States v. Nguyen,* No. CR–1–99–22 (S.D. Ohio, April 23, 1999).